**Fnu HARRY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–4850–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Drew H. Wrigley, United States Attorney, District of North Dakota, Janice M. Morley, Assistant United States Attorney, Fargo, ND, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Fnu Harry, a native and citizen of Indonesia, seeks review of the September 22, 2006 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel pretermitting his application for asylum and denying his application for withholding of removal. *In re Fnu Harry*, No. A96 427 139 (B.I.A. Sept. 22, 2006), *aff'g* No. A96 427 139 (Immig. Ct. N.Y. City, June 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007) (en banc).

Because Harry's brief to this Court waived any challenge to the agency's pretermission of his asylum claim, we deem any such argument abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Regarding the agency's denial of his application for withholding of removal, we find that it was supported by substantial evidence.

Harry argues that the agency failed to consider the cumulative significance of his past experiences. However, Harry does not identify a particular part of the BIA's or IJ's rulings in which the alleged inci-

dents were evaluated in isolation and deemed insufficient to amount to persecution on their own. *Cf. Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289–91 (2d Cir.2007). To the contrary, the BIA found that the *"events"* that Harry described "amount to discrimination, harassment, and criminal misconduct and ... do not amount to persecution" (emphasis added). This sentence indicates that the agency properly considered Harry's alleged instances of past harm in the aggregate. *See Manzur*, 494 F.3d at 289–91. Furthermore, as the IJ noted, the facts in *In re A–M–* are quite similar to the facts here. *See* 23 I. & N. Dec. 737, 739 (BIA 2005). In that case, the BIA concluded that the applicant had not "demonstrate[d] that he met the threshold level of harm for past persecution." *Id.* at 740. Accordingly, while the events that Harry described were unfortunate, the agency did not err in concluding that, even in the aggregate, they fell short of persecution.

Regarding a future threat to his life or freedom, Harry alleges that he need not show that he will be singled out for such harm because the evidence of record demonstrates a "pattern or practice of persecution" of ethnic Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(i). In *In re A–M–*, the BIA concluded that while reports on conditions in Indonesia indicate that there are " 'instances of discrimination and harassment' " against ethnic Chinese Christians, such reports "do[ ] not describe persecution so systemic or pervasive as to amount to a pattern or practice of persecution." 23 I. & N. Dec. at 741. Harry attempts to discount the

BIA's conclusion by arguing that *In re A–M–* relied on "stale" reports. However, he fails to support his argument with any new evidence that would contradict the BIA's findings. The IJ, on the other hand, cited a 2004 State Department report found in the record that seemed to indicate that conditions were improving in Indonesia, at least with respect to the treatment of ethnic Chinese. In light of the foregoing, Harry has failed to demonstrate that there exists a pattern or practice of persecution of ethnic Chinese Christians in Indonesia and, therefore, he cannot avoid the burden to show an individualized threat to his life or freedom. *See* 8 C.F.R. § 1208.16(b)(2).

Harry's brief to this Court did not allege that he would be singled out for persecution if returned to Indonesia. However, even if he had, such an argument would have been without merit. Much like the applicant in *In re A–M–*, Harry remained in Indonesia for two years after the last alleged incidents of May 1998, and his family currently resides in Indonesia without apparent incident. *See* 23 I. & N. Dec. at 740.[1] Indeed, Harry's withholding claim is arguably weaker than the one considered in *In re A–M–* because, after May 1998, he twice traveled outside of Indonesia and returned there. Accordingly, the BIA's denial of Harry's withholding of removal claim was supported by substantial evidence and will not be disturbed.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

---

1. In *Uwais v. United States Attorney General*, 478 F.3d 513, 519 (2d Cir.2007), this court recently stated that "the fact that a family member who has also been threatened chooses to remain in the home country or not to apply for asylum should generally not be used to impugn an applicant's claim." But

*Uwais's* limit on the inferences to be drawn from a family member's decision not to flee does not prevent IJs from considering whether such persons are subjected to any harm. Accordingly, the absence of any continuing harm to Harry's family supports the agency's decision.